**SEALED**

FILED
DISTRICT OF NEBRASKA
AT _____ M
FEB - 4 2003
Gary D. McFarland, Clerk
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In the Matter of the Search of ) <br> the Residence of Pamela Griffin ) <br> 5115 Erskine Street, Omaha, Nebraska ) <br> ) <br> ) | 8:02MJ143 <br><br> **ORDER** |

This matter is before the court on Petitioner Pamela Griffin's motion for return of documents and property and to unseal the affidavit in support of the search warrant. The petitioner submitted a brief (Petitioner's Brief) and an index of evidence (Petitioner's Index) in support of the motion. The government submitted a brief (Government Brief) in opposition to the motion. The petitioner requested and was granted leave of court to submit a reply brief (Petitioner Reply Brief) in support of the motion. The court conducted a hearing on the petitioner's motion on November 27, 2002. The transcript of the hearing (TR.) was filed December 10, 2002. The petitioner later filed a motion for leave to file an additional index of evidence (Petitioner's Supplemental Index), which the court granted.

## BACKGROUND

The petitioner, Pamela Griffin, is an attorney (TR. 10, 32). The petitioner's husband, Robert Griffin, is a prisoner in the California prison system and allegedly a former member of the Aryan Brotherhood (TR. 32-33). The petitioner has allegedly represented Robert Griffin in a number of post-conviction and other legal matters in the state of California (TR. 33). On October 17, 2002, approximately seven or eight members of the Omaha Police Department (OPD) and the Bureau of Alcohol, Tobacco, and Firearms (BATF) conducted a search of the home of the petitioner at 5115 Erskine Street, Omaha, Nebraska, pursuant to a warrant (TR. 17-19). Special Agent James Slosson (Special Agent Slosson) of the BATF had been contacted by BATF Special Agent Mike Halualani (Special Agent Halualani) from the BATF's Los Angeles office, who requested Special Agent Slosson obtain information regarding the occupants of 5115 Erskine Street (TR. 9). Special Agent Halualani later informed Special Agent Slosson that an affidavit for a search warrant was being prepared and would be sent to Omaha (TR. 9). Special Agent Slosson was requested to be the affiant for the affidavit and to participate in the search of the residence

*Copy USA (Douglas Semisch) & Matthew Heffron (moving cnsl)*
*@ PAV - 2-5-03*

(TR. 9). Special Agent Slosson and the agents conducting the search were instructed to notify a command post in Los Angeles when they had arrived at the residence because simultaneous searches of numerous places around the country were being conducted (TR. 9-10).

Special Agent Slosson testified he and the officers involved in the search had read a memorandum, which informed them that several of the items they might find at the residence could be privileged and how to treat privileged documents they would find (TR. 10-11). Special Agent Slosson testified the officers began the search assuming they would attempt to determine which documents were privileged as they conducted the search (TR. 11). As the officers entered the residence, the petitioner informed the officers she had twenty years of correspondence with her husband in boxes in the upstairs of the residence (TR. 24). Forty-four boxes of materials were found to contain at least one piece of correspondence to or from Robert Griffin, whom Special Agent Slosson had been informed is a documented member of the Aryan Brotherhood (TR. 11). Special Agent Slosson testified that if an officer looked into a box and there was one letter bearing Robert Griffin's name, the officers took the box (TR. 23). Eighteen plastic bags were filled with personal letters that had been setting loosely in the residence and which bore Robert Griffin's name (TR. 20-21). According to Special Agent Slosson, such correspondence fell within the scope of the search warrant the officers were executing (TR. 11). After the materials were found in the residence and, as the search continued, a decision was made not to review each individual item while in the residence due to the volume of material found (TR. 11, 23). The officers decided instead to take all the items to the BATF office to sort through them there (TR. 11). Two computers were seized, the hard drives of the computers were downloaded, and the computers were returned to the petitioner, but the contents of the computers' hard drives were not reviewed (TR. 12, 17). At the conclusion of the search and while at the residence, Special Agent Slosson, as the search team leader, filled out an inventory receipt for the materials seized (TR. 23). The inventory receipt listed eighteen boxes of materials as containing "legal documents," and the contents of eleven of the boxes were listed solely as "legal documents" (TR. 26; Petitioner's Index, Ex. 2).

At the BATF office, Special Agent Paul White began to sort through the material seized, searching through one box of materials before the BATF was ordered to stop reviewing the materials (TR. 12, 29-30). The procedure set up for reviewing the materials was that documents would be sorted into categories of privileged or potentially privileged material, nonprivileged material, and irrelevant material (TR. 13-14). Potentially privileged material would be sent to a "privilege AUSA" but not reviewed by agents in Omaha (TR. 14). Special Agent Slosson has not had contact with the privilege attorney in California regarding the material at issue in this matter, and no agents have read through the materials that were clearly marked privileged since the search was conducted (TR. 15). Agents in California have not contacted Special Agent Slosson or members of his "search team" regarding the contents of the documents seized (TR. 16). The documents remain in custody of the BATF in Omaha (TR. 17).

## LEGAL STANDARD

### RULE 41(e) and EQUITABLE PRINCIPLES

Federal Rules of Criminal Procedure Rule 41(e)[1] provides:

> A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to

---

[1] Fed. R. Crim. P. 41 was amended effective December 1, 2002, after the instant motion was filed. According to the Advisory Committee Notes regarding the 2002 Amendments:

> The language of Rule 41 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.... Rule 41 has been completely reorganized to make it easier to read and apply its key provisions.

See Fed. R. Crim. P. 41 Advisory Committee Notes to 2002 Amendment (West Supp. Pamphlet 1 August 2002). The text of former Rule 41(e) is now contained in Rule 41(g). The court's analysis will be conducted based upon former Rule 41(e), since that was the relevant statute in place at the time of the search at issue in this motion.

3

> protect access and use of the property in subsequent proceedings. . . .

**See** Fed. R. Crim. P. 41(e). The court treats a motion for return of property based upon Rule 41(e) as a civil proceeding that is governed by equitable principles. ***Thompson v. Covington***, 47 F.3d 974, 975 (8th Cir. 1995). Rule 41(e) is, in essence, "a crystallization of a principle of equity jurisdiction." ***United States v. Rapp***, 539 F.2d 1156, 1160 (8th Cir. 1976). Furthermore, the Eighth Circuit has noted:

> Rule 41(e) is the typical instrument to seek the return of seized property after an indictment has been issued. However, a motion prior to the filing of criminal charges is more properly considered a suit in equity rather than one under the Rules of Criminal Procedure. ***Matter of Search of 4801 Fyler Avenue***, 879 F.2d 385, 387 (8th Cir. 1989), **cert. denied**, 494 U.S. 1026, 110 S. Ct. 1470, 108 L. Ed.2d 608 (1990). Federal courts have recognized an independent cause of action for return of property based on the general equitable jurisdiction of the federal courts. ***Id.***; ***United States v. Premises Known as 608 Taylor Avenue***, 584 F.2d 1297 (3d Cir. 1978); ***Mr. Lucky Messenger Service Inc. v. United States***, 587 F.2d 15, 16-17 (7th Cir. 1978); ***Hunsucker v. Phinney***, 497 F.2d 29, 32 (5th Cir. 1974), **cert. denied**, 420 U.S. 927, 95 S. Ct. 1124, 43 L. Ed.2d 397 (1975). This remedy should be exercised cautiously and subject to general equitable principles. ***Matter of Search***, 879 F.2d at 389; ***Mr. Lucky Messenger***, 587 F.2d at 17; ***Hunsucker***, 497 F.2d at 32.

***Black Hills Inst. of Geological Research v. United States Dept. of Justice***, 967 F.2d 1237, 1239 (8th Cir. 1992). "[A] motion prior to any suggestion of criminal proceedings, as here, is more properly considered as a suit in equity rather than one under the Rules of Criminal Procedure." ***Matter of Search of 4801 Fyler Avenue***, 879 F.2d at 387 (**quoting** ***Richey v. Smith***, 515 F.2d 1239, 1245 (5th Cir. 1975)); **see** ***DiBella v. United States***, 369 U.S. 121, 131-32 (1962) (noting that "[o]nly if the [Rule 41(e)] motion is solely for return of property and is in no way tied to a criminal prosecution in esse against the movant can the proceedings be regarded as independent."). "[T]he government may retain seized goods for a reasonable time while [an] investigation and prosecution proceed." ***Black Hills Inst. of Geological Research***, 967 F.2d at 1240 (**citing** ***United States v. Premises Known as 608 Taylor Avenue***, 584 F.2d 1297, 1299 (3d Cir. 1978)). "A defendant's Rule 41(e)

4

motion for return of property . . . may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." **United States v. Van Cauwenberghe**, 934 F.2d 1048, 1061 (9th Cir. 1991). Finally, the court's exercise of its equitable jurisdiction "is proper only upon a showing of callous disregard of the fourth amendment, irreparable injury if relief is not granted, and lack of an adequate remedy at law." **Matter of Search of 4801 Fyler Avenue**, 879 F.2d at 387. Accordingly, the court must find that the petitioner has met this three-prong test.

## ANALYSIS

### A. Motion for Return of Property

#### 1. Callous Disregard for the Fourth Amendment

The first portion of the test enunciated in **Matter of Search of 4801 Fyler Avenue** requires the petitioner to demonstrate a callous disregard for the Fourth Amendment. **Matter of Search of 4801 Fyler Avenue**, 879 F.2d at 387. The petitioner claims the government acted in callous disregard for the Fourth Amendment in seizing "documents and materials it knew implicated the attorney-client and the work product privileges" and in seizing "extensive letters exchanged between [the petitioner] and her husband, in blatant and knowing violation of the marital-communications privilege." **See** Petitioner's Brief at 8-9. The government, on the other hand, claims that, while privileged documents deserve special treatment, "they are not absolutely protected from seizure." **See** Government Brief at 4. Further, the government contends that "[w]hile the mere fact of seizure does not establish a callous disregard . . . there remains the question of whether the government showed callous disregard in the manner in which it carried out the search." **Id.** at 5.

The government notes that it first obtained a search warrant for the premises prior to conducting the search, which negates a showing of a callous disregard for the Fourth Amendment. **See** Government Brief at 5. The Eighth Circuit has directly addressed the the callous disregard portion of the test when the government first obtained a warrant. The court, in **Matter of Search of 4801 Fyler Avenue**, noted:

> Most significantly, [petitioner] is unable to show that the government acted in callous disregard of its fourth amendment rights. The federal agents searching [petitioner's] premises first obtained a warrant from a United States District Judge using a lengthy and detailed affidavit describing a broad range of illegal activity to establish probable cause. Thus, the officers acted in objective good faith, rather than with callous disregard for [petitioner's] right. **Cf. United States v. Leon**, 468 U.S. 897, 923-25, 104 S. Ct. 3405, 3420-22, 82 L. Ed.2d 677 (1984). "When judges can look at the same affidavit and come to differing conclusions, a police officer's reliance on that affidavit must, therefore, be reasonable." **United States v. Martin**, 833 F.2d 752, 756 (8th Cir.1987). In view of the agents' efforts to comply with the warrant requirement, and the first district judge's approval of the search, we cannot say that [petitioner's] rights were callously disregarded, nor, in light of the unsealed affidavit available to us, do we conclude that there was callous disregard in the methods utilized in the search.

**Matter of Search of 4801 Fyler Avenue**, 879 F.2d at 388. Furthermore, the Ninth Circuit has stated: "A certain deference should be given searches where the law enforcement officers have sought and obtained judicial approval of their actions." **In re Grand Jury Subpoenas Dated Dec. 10, 1987**, 926 F.2d 847, 855 (9th Cir. 1991). "The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." **Zurcher v. Stanford Daily**, 436 U.S. 547, 556 (1978).

Similarly, in the instant case, the government obtained a warrant prior to the search of the petitioner's residence. The court finds the government agents did not act with a callous disregard for the Fourth Amendment in seizing the documents and materials. The court's *in camera* review of the affidavit in support of the search warrant in this case shows that the government contemplated that potentially privileged documents might be found during the search to be conducted. The court notes a procedure has been established for review and return of privileged documents. Specifically, an initial determination of whether certain material might be privileged was to be conducted by members of the team searching the residence. All documents found to contain potentially privileged information

were to be sent to a "privilege AUSA," who is responsible for forwarding the items, without unsealing them, to a court-appointed special master designated to review the items. The special master has been assigned to review the documents and make a recommendation to a judge of the United States District Court for the Central District of California. Furthermore, any searching agents who conducted any review of potentially privileged documents prior to documents being sent to the special master are to be ineligible from any subsequent participation in the pending investigation. Government agents participating in the prosecution of criminal actions involved will have no access to the documents until after the special master has reviewed them. Though the petitioner has attacked the government's approach to review of the documents and materials, the court finds that the government in this case has not acted in a callous disregard for the Fourth Amendment.

### 2.   Irreparable Harm

The second portion of the test requires the petitioner to show she will suffer irreparable harm if relief is not granted. *Matter of Search of 4801 Fyler Avenue*, 879 F.2d at 387. The petitioner claims she will be irreparably harmed if the materials are not returned in that the seizure will harm her husband's ability to defend himself in this matter and in other proceedings. **See** Petitioner's Brief at 8. The petitioner also claims legal strategies and the mental impressions of her husband's attorneys will be disclosed if certain protected documents are turned over to the government. *Id.* Furthermore, the petitioner argues the seizure and retention of marital-privileged documents is causing irreparable harm to her because the government is interfering with her relationship to her husband. *Id.* at 9. The government asserts the petitioner has not shown a pressing need to have the documents returned to her. **See** Government Brief at 6. The government argues the court has put in place a procedure to ensure that protected and privileged communications do not fall into the hands of government agents involved in the underlying criminal action. *Id.* at 7. Finally, the government claims that any concerns regarding the marital communications privilege are misplaced because that privilege applies only to in-court testimony by one spouse against the other. *Id.* at 10-11.

The petitioner's affidavit in support of the present motion notes the petitioner has been involved in a number of post-conviction, administrative, and legal actions in California regarding her husband. **See** Petitioner's Index, Ex. 3.  The petitioner also states that, in her residence, she stored legal files from other attorneys with whom she worked in representing her husband. *Id.*  The petitioner argues use of the documents is necessary for representation of her husband. **See** Petitioner's Brief at 8.  The government claims the petitioner's statement that she needs the documents to defend her husband is unpersuasive because the case against the petitioner's husband is likely many months from trial. **See** Government Brief at 6-7.  However, the court finds the petitioner is seeking the materials not only with regard to the underlying criminal action against her husband, but for other post-conviction actions currently pending. **See** Petitioner's Supplemental Index.  Accordingly, while the petitioner may not be able to show a pressing need to have the documents with regard to the criminal action that was the basis for the search in this matter, she has made an adequate showing of at least the potential for irreparable harm in the other post-conviction actions if she is not given access to copies of the documents. The Eighth Circuit has stated that "speculations as to future harm are not sufficient to establish irreparable injury." ***Matter of Search of 4801 Fyler Avenue***, 879 F.2d at 388. However, the court finds the petitioner has presented a sufficient evidence that irreparable harm may occur in the unrelated post-conviction actions if she is not given some access to the documents at issue.

### 3.    Inadequate Remedy at Law

The third part of the test requires the petitioner to show she has no adequate remedy at law available to her. ***Matter of Search of 4801 Fyler Avenue***, 879 F.2d at 387. The petitioner claims that permitting the government agents to "view potentially privileged documents and then decide what privileges should be protected" will allow the government to retain and use certain documents that it deems not privileged and leave the petitioner without an apparent remedy. **See** Petitioner's Brief at 10.  The petitioner argues she should be allowed to make the first determination regarding what privileges are appropriate. *Id.*  The petitioner asserts she needs to be given full access to the materials

8

seized in order to assert the privileges applicable to the documents. *Id.* at 11. The government argues the petitioner has an adequate remedy at law in that she can move to suppress the fruits of the search. **See** Government Brief at 11.

The court finds the government's argument is correct with regard to the underlying criminal action that prompted the search at issue in this case. **See Matter of Search of 4801 Fyler Avenue,** 879 F.2d at 389 (finding the petitioner had an adequate remedy when a motion to suppress was available). However, the petitioner is without an adequate remedy with regard to the other post-conviction actions during the time she does not have access to the documents. While the petitioner and her husband may move to suppress the documents and materials seized in the criminal proceedings that may follow, without access to the materials, there is no adequate remedy as to the other post-conviction matters. No motion to suppress appears to be available in those actions, and no other remedy is contemplated. Thus, the court finds that, with regard to the post-conviction actions, the petitioner is without an adequate remedy. Accordingly, the court finds it appropriate to fashion a remedy that balances the government's interest in retaining the evidence and the petitioner's need to have access to the materials. The court's remedy is set forth in the conclusion of this order.

### B.   Unsealing the Affidavit

The petitioner also seeks to have the court unseal the affidavit in support of the search warrant. **See** Petitioner's Brief at 12-13. The petitioner claims that, without access to the affidavit, she is prevented from enforcing her rights protected by the privileges she asserts. *Id.* at 12. The petitioner also claims she needs to review the affidavit to determine whether the government has appropriately alleged the crime-fraud exception to the privileges. *Id.* The petitioner asserts she needs access to the affidavit in order to assert rights under the Fourth Amendment and in order to decide what other bases to use in future Rule 41(e) motions. *Id.* at 13. The government argues there is a compelling government interest in keeping the affidavit sealed because unsealing it would create a risk

9

of harm for a confidential informant listed in the affidavit. **See** Government Brief at 13. The government claims this interest is sufficient to justify keeping the affidavit sealed. *Id.*

When an ongoing government investigation would be compromised if sealed documents are released, denial of a request to unseal the affidavit in support of a search warrant is justified. **In re Search Warrant for Secretarial Area Outside Office of Thomas Gunn**, 855 F.2d 569, 574 (8th Cir. 1988); **see, e.g., Matter of EyeCare Physicians of Am.**, 100 F.3d 514, 519 (7th Cir. 1996) (finding district court did not abuse its discretion in refusing to unseal an affidavit when doing so could compromise the ongoing investigation); **In re Search Warrant for 2934 Anderson Morris Road, Niles, Ohio 44406**, 48 F. Supp.2d 1082, 1084 (N.D. Ohio 1999) (affirming magistrate judge's determination that affidavit should not be unsealed in order to protect ongoing investigation). In the instant case, there is an ongoing nationwide investigation, which would justify keeping the affidavit sealed. The court finds disclosure of the affidavit might impair the ongoing investigation. Furthermore pursuant to this order, the petitioner will be given access to either originals or copies of the documents seized, negating the need to unseal the affidavit at this time. Accordingly, the petitioner's motion to unseal the affidavit will be denied at this time.

## CONCLUSION

The petitioner has not met all three prongs of the test applicable when the return of property is sought. **Matter of Search of 4801 Fyler Avenue**, 879 F.2d at 387. The test is phrased in the conjunctive, requiring all three prongs be met before property is ordered returned. *Id.* The government has shown a continued need for the property as evidence in a pending criminal prosecution. **Van Cauwenberghe**, 934 F.2d at 1061. However, the court finds the equitable principles underlying Rule 41(e) proceedings demand, in the instant case, that the petitioner be granted some form of relief short of return of the documents seized. As the petitioner notes in her brief, "[t]he spirit of Rule 41(e) is one of compromise." **See** Petitioner's Brief at 13 (**quoting Ramsden v. United States**, 2 F3d 322, 327 (9th Cir. 1993)). Rule 41(e) contemplates such compromise, as noted in the advisory committee notes to the 1989 amendments to the rule. The amendments made

in 1989 were intended to avoid an "all or nothing approach whereby the government must either return records and make no copies or keep originals notwithstanding the hardship to their owner." **See** Fed. R. Crim. P. 41(e) Advisory Committee Notes to 1989 Amendment. "The amended rule recognizes that reasonable accommodations might protect both the law enforcement interests of the United States and the property rights of property owners and holders." *Id.*

In ***Premises Known as 225, 1468 and 1470 Statler Towers v. United States***, 787 F.2d 796 (2d Cir. 1986), several business firms moved to compel the government to provide copies, at the government's expense, of voluminous records belonging to the firms and seized pursuant to a search warrant. The district court ordered the owners to bear reproduction costs once the government had offered them reasonable access to the documents for copying purposes. ***Premises Known as 225, 1468 and 1470 Statler Towers***, 787 F.2d at 796. In affirming this decision, the Second Circuit first noted that "Rule 41(e) provides only for return of property or its retention by the government, not for copying expenses. Accordingly, the [district] judge correctly resorted to equitable principles to settle the costs issue, after determining that the original records should remain in the government's possession." *Id.* at 798. The court further noted:

> Absent exceptional circumstances, we believe it proper to leave the burden of duplicating costs on a party who unsuccessfully moves before indictment for return of property seized under warrant. The government has a legal right to the evidence at that stage. Moreover, Rule 16 of the Federal Rules of Criminal Procedure suggests that the government need not pay to retain it. While Rule 16 governs criminal discovery and does not apply to pre-indictment motions such as those brought under Rule 41(e), it provides a useful analogy for resolving the costs issue. In the discovery context, Rule 16's clear import is that the defendants, at least nonindigent ones, must pay the cost of copying documents legally held by the government.

*Id.*

Under the circumstances presented here, the court will not order the government to return the evidence that is the subject of an ongoing investigation and criminal prosecution. The court finds the government has a legal right to the materials seized, to

11

the extent that the materials were covered under the search warrant. The court also finds the government should give the petitioner access, for copying, to the materials that the government will retain, and that the petitioner should bear the cost of copying the materials it seeks. Because the affidavit in support of the search warrant contained procedures intended to protect the privileged nature of the documents and materials, the court will permit the government agents to proceed under the terms of the affidavit and accompanying memorandum. The BATF agents shall proceed to review the documents and materials seized pursuant to the memorandum for the search of the petitioner's residence, which was attached to the affidavit in support of the search warrant. Specifically, the agents shall determine whether a particular document falls within the scope of the investigation and whether the document contains at least some privileged information. Those documents not falling within the scope of the investigation shall be returned to the petitioner. The documents not returned to the petitioner, regardless of whether they contain privileged information, shall be made available for copying by the petitioner, at the petitioner's expense, prior to forwarding the materials to the privilege AUSA and the special master. An agent for the government shall be permitted to be present during the copying of the materials by the petitioner. The documents shall be reviewed forthwith and all documents to be sent to the privilege AUSA and special master shall be made available to the petitioner for copying immediately thereafter. Any agent involved in this review of the documents shall have no further role in the investigation of this matter. Upon consideration,

**IT IS ORDERED:**

1. Petitioner Pamela Griffin's motion for return of documents and property and to unseal the affidavit in support of the search warrant is granted in part and denied in part as set forth below.

2. The government shall proceed to review the documents seized in accordance with the provisions of the search warrant, affidavit, and memorandum in this matter. The government's review of the documents shall be completed **by February 19, 2003**.

3. All documents not falling within the scope of the investigation shall be returned to the petitioner.

4. The petitioner shall be given an opportunity to copy all documents the government will retain, at the petitioner's expense, and subject to the presence of a government agent during the time the petitioner reviews and copies the materials.

5. The petitioner's motion to unseal the affidavit in support of the search warrant is denied at this time.

## ADMONITION

Pursuant to NELR 72.3 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

Dated this 4th day of February, 2003.

BY THE COURT:

THOMAS D. THALKEN
United States Magistrate Judge